```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------x
SONIA COLE,
                Plaintiff,                  MEMORANDUM & ORDER

        -against-                           05-CV-2055 (CBA)

PLAZA HOMES LLC.,

                Defendant.
------------------------------x
```
AMON, United States District Judge:

Plaintiff, appearing *pro se,* brings this action pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1332.[1] The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and dismisses the complaint for the reasons set forth below.

## Background

Although plaintiff's handwritten complaint is difficult to decipher, this action appears to stem from plaintiff's bankruptcy and subsequent eviction from her home. Plaintiff alleges that the defendant unfairly purchased her home after it was foreclosed. Specifically, she argues that the foreclosure was

---

[1] This complaint is plaintiff's seventh action filed in this Court. See Cole v. Beneficial Mortgage, 01-CV-3327 (CBA) (bankruptcy appeal, dismissed by order dated November 29, 2001 for failure to prosecute); Cole v. Merrick Realty, LLC.,03-CV-1230 (CBA) (bankruptcy appeal, dismissed by order dated December 4, 2003 pursuant to 28 U.S.C. 1915(e)); Cole v. Merrick Realty, LLC et al, 04-CV-908 (CBA) (§ 1983 action, dismissed by order dated May 20, 2004 pursuant to 28 U.S.C. § 1915(e)); Cole v. Leverett, 04-CV-5216 (CBA) (dismissed by order dated December 6, 2004 pursuant to 28 U.S.C. § 1915 (e)); Cole v. Katz, 04-CV-5217 (CBA) (dismissed by order dated December 6, 2004 pursuant to 28 U.S.C. § 1915(e)); Cole v. Hanks et al., 05-CV-1831 (CBA) (pending).

1

improper in that it occurred approximately one hour after she filed for bankruptcy. Plaintiff seeks to have the sale of her home declared "void." (See Compl. at 2.) She also requests monetary damages in the amount of twenty-five million dollars. (Id. at 7.)

Standard of Review

Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is deemed frivolous as a matter of law when, *inter alia*, it "lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998).

Discussion

In reviewing plaintiff's complaint, the Court is mindful that, because plaintiff is proceeding *pro se*, her submission should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980); accord Lerman v. Bd. of Elections, 232 F.3d 135, 140 (2d Cir. 2000). However, a plaintiff seeking to bring a lawsuit in

2

federal court must establish that the court has subject matter jurisdiction over the action. See Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000) (citing Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986); Lehman v. Discovery Communications, Inc., 217 F.Supp.2d 342, 347 (E.D.N.Y. 2002) (*pro se* status does not exempt party from compliance with relevant rules of procedural and substantive law).

The subject matter jurisdiction of the federal courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented (28 U.S.C. §1331) or when the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000 (28 U.S.C. § 1332). "In our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meridan Square, Inc. 30 F.3d 298 (2d Cir. 1994) (quoting Manway Constr. Co. v. Housing Authority of City of Hartford, 711 F.2d 501, 503 (2d Cir. 1983)). Moreover, "[w]here jurisdiction is lacking . . . dismissal is mandatory." Id.; see also Fed. R. Civ. P. 12 (h)(3).

Although it is difficult to determine the precise nature of

plaintiff's claim from the face of the Complaint, it appears that she intends to make one of two possible arguments. Either she intends to claim that the foreclosure of her home was in violation of the automatic stay entered when she filed for bankruptcy, or that the sale of her home was fraudulent in some respect. To the extent that she intends to challenge the foreclosure as being in violation of the automatic stay, this is a claim that should have been raised at the time either in bankruptcy court or in district court. Having failed to raise the claim in either of those fora, she is not now entitled to initiate a new basis for this Court's jurisdiction to address this issue nearly five years after the date of the events in question and after conclusion of the bankruptcy proceedings.

To the extent that plaintiff seeks to have this Court invalidate the foreclosure and subsequent sale of her home on a fraud theory, this Court is barred from considering her claim by the Rooker-Feldman doctrine, which deprives federal district courts of jurisdiction over claims that would result in the reversal or modification of state court judgments. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923); Hachamovitch v. DeBuono, 159 F.3d 687, 693 (2d Cir. 1998). Federal review of state court determinations can only be obtained in the United States Supreme Court. Rooker, 263 U.S. at

416; Feldman, 460 U.S. at 476; Moccio v. New York State Office of Court Admin., 95 F.3d 195, 198 (2d Cir. 1996).

In addition to barring direct challenges to state court decisions, the Rooker-Feldman doctrine prohibits district courts from reviewing claims that are "inextricably intertwined" with a state court's determinations. Kropelnicki v. Siegel, 290 F.3d 118, 128 (2d Cir. 2002). A federal claim is inextricably intertwined with the state-court judgment if the federal claim succeeds only to the extent that a state court wrongly decided the issues before it. Penzoil Co. v. Texaco, Inc. 481 U.S. 1, 25 (1987) (Marshall, J., concurring). Thus, to the extent that plaintiff now asks this Court to disturb the decision of the state court that entered the judgment of foreclosure and approved the sale of her home, this Court is without jurisdiction to do so. See, e.g., Dockery v. Cullen & Dykman, 90 F.Supp.2d 233, 236 (E.D.N.Y. 2000) (claim that foreclosure and sale of property was obtained by fraud was barred from review in federal district court by the Rooker-Feldman doctrine); Beckford v. Citibank NA., No. 00-CV-205, 2000 WL 1585684, at *3-4 (S.D.N.Y. Oct. 24, 2000) (federal district court lacks jurisdiction over claim that defendants violated state and federal laws during foreclosure proceedings); Drew v. Chase Manhattan Bank, NA., No. 95-CV-3133, 1998 WL 430549, at *5-6 (S.D.N.Y. July 30, 1998) (federal

district court lacks jurisdiction over claim that judgment of foreclosure was obtained by fraud, because any remedy for injuries allegedly suffered due to a foreclosure judgment would require the district court to review the state judgment or readjudicate the plaintiff's claim). Accordingly, the complaint must be dismissed.

## Conclusion

Plaintiff's complaint is dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Plaintiff is hereby cautioned that should she should not continue to file complaints regarding state court matters in this Court. Should she continue to file such complaints here, the Court may enter an order barring the acceptance of any future *in forma pauperis* complaint she may submit unless she first obtains leave of court to do so. 28 U.S.C. § 1651. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Carol Bagley Amon
United States District Judge

Dated: Brooklyn, New York
       May 23, 2005