UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

SONIA COLE,

                Plaintiff,

-v-

PLAZA HOMES, LLC.,

                Defendant.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
05-CV-2055 (CBA)

AMON, Chief Judge.

      On April 28, 2005, plaintiff Sonia Cole, appearing *pro se,* filed this action pursuant to 42 U.S.C. § 1983, seeking to invalidate the foreclosure of her home. By Memorandum and Order dated May 23, 2005, this Court dismissed plaintiff's complaint for lack of subject matter jurisdiction and cautioned plaintiff that she should not continue to file complaints regarding state court matters in this Court. This Court further cautioned plaintiff that should she continue to file such complaints here, the Court may enter an order barring the acceptance of any future *in forma pauperis* complaints unless she first obtains leave of Court to do so.

      Plaintiff appealed the order to the Court of Appeals for the Second Circuit, and the Second Circuit dismissed the appeal and warned plaintiff that the continued filing of duplicative and meritless appeals will result in leave to file sanctions. See Second Cir. Dk Nos. 05-6220; 05-6218; 05-3539; 05-3534; 05-6480; 05-6227; 06-822.

      More than six years later, Cole seeks to reopen the instant action. Although the basis for her motion is difficult to discern, the Court liberally construes the submission as a motion for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. For the reasons

1

stated below, the motion for reconsideration is denied as time-barred and lacking in merit.

## DISCUSSION

Rule 60(b) permits a court, in its discretion, to rescind or amend a final judgment or order in limited circumstances. The rule states in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

The Second Circuit has held that Rule 60(b) constitutes "extraordinary judicial relief" and should be "invoked only upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . .." Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995).

Cole's motion for reconsideration under Rule 60(b) fails to point to any authority or evidence that the Court overlooked in dismissing her action. To the contrary, plaintiff once again appears to argue that there was a fraudulent transfer of her property. Cole has not provided any arguments that fall into any of the enumerated grounds for relief, nor does she present "extraordinary circumstances" justifying relief under the catch-all provision of Rule 60(b)(6).

Moreover, Rule 60(b) requires that a motion under subsections (1), (2) and (3) be made within one year of the order's entry. See Fed.R.Civ.P. 60 (c)(1). Cole filed this motion six years

after the Court's order dismissing her action, and thus any attempt to bring a motion for reconsideration under Rule 60(b) subsections (1), (2) or (3), are clearly time-barred. See, e.g., Kellogg v. Strack, 269 F.3d 100, 104 (2d Cir. 2001) ("Kellogg's motion was made twenty-six months after the entry of the final judgment, a period of time which constitutes a patently unreasonable delay absent mitigating circumstances."). Finally, as previously noted, plaintiff fails to provide any facts to show that consideration is warranted under Rule 60 (b)(4), 60(b)(5), or 60(b)(6).

## CONCLUSION

Plaintiff's motion for reconsideration under Rule 60(b) is denied as time-barred and lacking merit. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
       February ___, 2012

                                              Carol Bagley Amon
                                              United States District Judge